MUMFORD SMITH et al. v. ST. LOUIS MUTUAL LIFE INSURANCE COMPANY et al.

1. CHANCERY COURT JURISDICTION. *Foreign corporation.* Courts of chancery in this State have jurisdiction to wind up the business of a foreign corporation, so far as to administer all its assets within the jurisdiction of said courts and distribute the same among domestic creditors, where the corporation has become insolvent or ceased to use its franchises.

2. SAME. And for this purpose one chancery court may enjoin the prosecution of separate suits in other chancery courts and draw all the litigation into the one case, so that it may be conducted as an insolvent proceeding.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W. F. COOPER, Ch.

M. M. BRIEN, JR., for complainants.

R. McP. SMITH, GEO. ANDREWS and LOGAN & LUCKEY for defendants.

McFARLAND, J., delivered the opinion of the court.

The principal question in this case is, whether a court of chancery in this State has jurisdiction to wind up the business of a foreign corporation so far as to administer all its effects within the jurisdiction of our courts and distribute the same among our domestic creditors, where the corporation has become insolvent or ceased to use its franchises, and whether for this

purpose one chancery court may enjoin the prosecution of separate suits in other courts and draw all the litigation into the one case so that it may be conducted as an insolvent proceeding.

On the 11th of August, 1875, the complainants, as policy-holders of the St. Louis Mutual Life Insurance Company, a foreign corporation doing business in this State, on behalf of themselves and all other citizens of this State who might choose to come in, filed their bill at Nashville attaching certain bonds in the hands of the Treasurer of the State, required by law to be placed in his hands " as security for risks taken by citizens of this State," and other property, for the purpose of having the same divided among the policy-holders, citizens of this State, upon the allegation that said corporation had become insolvent and had ceased to do business.

A decree was rendered on the 21st of May, 1877, settling various questions involved, not necessary now to be mentioned, and adjudging that the company had become insolvent and had ceased to do business, and that all policy-holders in this State on the 13th of December, 1873, were entitled to satisfaction of their debts *pro rata* out of the property attached, and an account was ordered to be taken upon principles settled by the decree.

Subsequently, on the 7th of June, 1877, a supplemental bill was filed to attach other property. Still later an appeal was prayed and granted from the decree of the 21st of May, 1877.

After this, to-wit, on the 27th of September, 1877,

the present bill was filed by the same complainants in, the same court, and which is styled an amended and supplemental bill. It makes various new parties residing in Knox and other counties in the eastern part of the State, defendants. Said parties, it is shown, claim to be policy-holders and creditors of said insolvent corporation, and as such had, subsequent to the filing of the original bill in this case, attached in the chancery court at Knoxville various debts due to said corporation by persons residing in that vicinity, secured, by mortgages and deeds of trust on real estate there situate, and were prosecuting their causes for the purpose of subjecting said property to the satisfaction of their several demands, upon the allegation that the company was a foreign corporation and insolvent. Said amended and supplemental bill prays that said parties. be enjoined from prosecuting their several suits and compelled to come in and submit their rights to the adjudication of the court in the present case, and also that the property and effects attached in said causes. be attached in the present case.

Said defendants appeared and filed demurrers to, said amended and supplemental bill, which, upon argument, were overruled and the injunction granted. From this decree said defendants were allowed to. appeal.

The principal question, as we have said, is whether a court of chancery may administer all the property or effects in this State of the foreign insolvent corporation, among the creditors in this State, upon the principles applicable to an insolvent estate.

It is admitted that the effects of an insolvent *domestic* corporation constitute a trust fund for the payment of creditors *pro rata* where no priority is fixed by law: *Marr* v. *Bank of West Tennessee,* 4 Cold., 471. But it is argued that as to a foreign corporation, inasmuch as the court cannot acquire jurisdiction of all its effects and administer the whole, and has no power to declare its charter forfeited, a different rule applies, and that any creditor may proceed by a separate attachment precisely as he could do against any other non-resident debtor; and further, that secs. 3431, 4294 and 4295 of the Code were only intended to apply to domestic corporations. It is not denied that if these sections apply, the jurisdiction invoked by the bill in this case may be maintained. We concur in the chancellor's conclusions.

In the first place, it may well be held that any foreign corporation permitted to do business in this State may be treated, so far as the rights of creditors are concerned, as a domestic corporation, and subject to the same provisions in favor of domestic creditors.

In the next place, it is a general principle of international law that every State has the right to control the property within its jurisdiction, and will appropriate the same to the payment of its own creditors before assenting that any part may be removed.

This principle was applied in the case of *Gilchrist* v. *Cannon,* 1 Cold., 581, when it was held that effects of a deceased non-resident situate in this State might be administered as an insolvent estate without regard to

the solvency of the estate in the State of the deceased's domicile.

It is true that the right of administration in such cases is given in express terms by the act of 1831, Code, sec. 2203, but the general principle was announced as above stated. It is also true that sec. 3431 of the Code, taken from the act of 1851–2, and brought forward in the Code in the chapter treating " of proceedings in the name of the State against corporations and to prevent the usurpation of office," might, from its position in that chapter, be construed as referring more directly to domestic corporations; still it declares the general principle, which may be treated as applicable to all casses, to wit, that the property should be appropriated to the payment of the debts *pro rata* under a bill filed by a creditor or stockholder; and furthermore, secs. 4294 and 4295, under the head of chancery jurisdiction, in terms provide that the effects of a corporation not using its franchise or that has granted its franchises in whole or in part to others, may, upon the bill of a creditor, be divided among the creditors *pro rata*. Construing these sections in analogy to the construction given in *Gilchrist* v. *Cannon,* to the law authorizing the administrator of the estates of non-residents, we have no difficulty in holding that the jurisdiction claimed under the present bill may be maintained.

The argument that equality cannot be arrived at because assets beyond the jurisdiction of the court cannot be reached, is answered by remembering that the same might be true of a domestic corporation.

Nor is it essential that the court shall have the power to declare a forfeiture of the defendant's charter. The court may find a fact that the corporation is involved, or has ceased to do business, or has granted its franchises in whole or in part to others, and upon the adjudication of any of these facts the right, to administer its effects for the benefit of creditors, follows.

It cannot be seriously doubted that the creditors in this State may reach the property here for the satisfaction of their debts. In fact, the defendants were themselves maintaining this right by their separate suits. The only question is, whether in such cases each creditor may be allowed to proceed separately, or the whole effects shall be administered in one suit, as contemplated in the present case. A proceeding against a corporation which has become insolvent or ceased to do business, is analogous to a proceeding to administer an insolvent estate.

The objection that one chancery court cannot enjoin separate suits in another, does not apply to proceedings of this character. The jurisdiction being once conceded, the right to enforce it must follow.

The proceedings in the present case were first instituted, and were instituted in behalf of all other creditors, while the proceedings sought to be enjoined are not of that character, but simply separate attachment bills.

For a more elaborate discussion of the questions above referred to, as well as to the disposition of the other parts of the demurrer, we refer to the opinion of Judge Cooper, 3 Tenn. Ch., 502.

Of course we cannot at present adjudge that the defendants are not entitled to priority out of the property attached by them, although this may seem necessarily to follow; yet it is more properly a question to be considered in the further progress of the cause.

One special ground of demurrer may deserve notice. Part of the real estate sought to be attached was conveyed to certain trustees to secure a loan of money for the company. The trustees are not made parties. To make an attachment of this property effectual, the trustees should have been made parties, but this may be cured by amendment.

The decree will be affirmed and the cause remanded.

The costs of this court must be paid by the appellant, but the amount should be hereafter charged by the chancellor upon the general fund.